**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 26-4160-JFW(DMKx)**                                    Date: May 4, 2026

Title:        Alireza Roghaee -*v*- Markwayne Mullin, et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                        **None Present**
   **Courtroom Deputy**                                      **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                                          None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION ENJOINING USCIS FROM APPLYING ADJUDICATION HOLD [filed 4/27/2026; Docket No. 12]**

On April 27, 2026, Plaintiff Alireza Roghaee ("Plaintiff") filed an *Ex Parte* Application for: (I) Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction Enjoining USCIS from Applying Adjudication Hold; (II) Declaratory Judgment that USCIS Policy Memoranda PM-602-0192 and PM-602-0194 Are Inapplicable and Inoperative as to Plaintiff; and (III) Order that USCIS Adjudicate and approve Plaintiff's I-765 Application for Work Authorization and Issue EAD Card ("Application").[1]  On May 1, 2026, Defendants Markwayne Mullin, Secretary of the Department of Homeland Security, and Joseph B. Edlow, Director of the United States Citizenship and Immigration Services (collectively, "Defendants") filed a Notice of Non-Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving and non-opposition papers, and the arguments therein, the Court rules as follows:

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a

---

[1]Because Defendants had notice and an opportunity to respond, Plaintiff briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Plaintiff's Application as a motion for preliminary injunction.

preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO or preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO or preliminary injunction may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

In light of Defendants' non-opposition to the relief sought by Plaintiff and because Plaintiff meets the standard for the issuance of a temporary restraining order and preliminary injunction, Plaintiff's Application for a temporary restraining order and preliminary injunction is **GRANTED.** In light of the serious questions going to the merits, the likelihood of irreparable harm, and the balance of equities and the public interest tipping sharply toward Plaintiff, the Court **ORDERS** that:

1. Defendants are hereby restrained and enjoined forthwith from applying the adjudication hold set forth in the following memoranda to Plaintiff:

   a. Policy Memorandum PM-602-0192, titled "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries" ("PM-602-0192").

   b. Policy Memorandum PM-602-0194, titled "Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries" ("PM-602-0194").

2. USCIS shall issue a decision as to Plaintiff's pending I-765 Application for Employment Authorization within 10 days of the date of this Order.

3. In the event USCIS approves Plaintiff's pending I-765 Application for Employment Authorization:

   a. USCIS shall issue and deliver the EAD Card within seven (7) days of the I-765 approval, but in any event have the EAD Card issued and delivered such that Plaintiff receives the EAD Card on or before May 31, 2026; or

   b. If USCIS asserts or determines that for any reason they cannot issue a physical EAD card within seven (7) days of approval and have it delivered such that Plaintiff receives the EAD Card on or before May 31, 2026, in addition to issuing a I-765 approval notice, USCIS shall issue a document stating that: (i) Alireza Roghaee is

authorized to work in the United States for the period as authorized, (ii) said
document has the equivalent full force and effect as an EAD card, and (iii) any
employer may consider and rely upon said document to the full extent as it would an
EAD card.

IT IS SO ORDERED.